UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY HUTCHENS,

    Plaintiff,

v.                                        Case No. 2:13-CV-210

AMERICAN EAGLE AIRLINES, INC.        HON. GORDON J. QUIST

    Defendant.
_____/

**OPINION**

Plaintiff, Gary Hutchens, alleges that Defendant, American Eagle Airlines, Inc., terminated his employment based on his disability. Defendant has moved to dismiss, arguing that Plaintiff's claim was discharged during Defendant's Chapter 11 bankruptcy proceeding. For the reasons that follow, the Court concludes that Plaintiff's claim, which arose prior to Defendant's bankruptcy, must be dismissed.

*Background* [1]

On November 29, 2011, Defendant, along with other debtors, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. On May 4, 2012, the Bankruptcy Court issued an order setting July 16, 2012 as the Bar Date, i.e., the deadline for filing proof of claims against the debtors that arose before the Chapter 11 filing. (Dkt. #11-2 at Page ID##120-21.) The Bankruptcy Court also

---

[1] Although courts generally may not consider matters outside the pleadings on a motion to dismiss pursuant to Rule 12(b)(6), courts may consider public records and matters of which a court may take judicial notice. *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). Orders of the Bankruptcy Court are matters of public record and subject to judicial notice. *See Malin v. JPMorgan*, 860 F. Supp. 2d 574, 578 (E.D. Tenn. 2012). Accordingly, the Court may consider the Bankruptcy Court's orders without converting the motion to dismiss to one for summary judgment.

approved a Notice of Deadlines (the Bar Date Notice), which stated that a claim holder that failed to file a timely proof of claim would be forever barred from asserting such claim against the debtors. (*Id.* at Page ID##135-36.) On May 18, 2012, the Bar Date Notice and a proof of claim form were served on Plaintiff. (Dkt. #11-3.)

Plaintiff never filed a proof of claim with the Bankruptcy Court. On May 24, 2013, while Defendant's bankruptcy proceeding was ongoing, Plaintiff filed a complaint in state court alleging that Defendant violated the Michigan Persons With Disabilities Civil Rights Act, M.C.L. § 37.1201. In particular, Plaintiff alleged that Defendant failed to accommodate his disability and terminated his employment on July 9, 2010. Defendant removed the case to this Court and the case was stayed pursuant to the automatic stay provision of the Bankruptcy Code, 11 U.S.C. §§ 362(a).

On October 21, 2013, the bankruptcy court issued an order confirming the Debtors' Second Amended Joint Chapter 11 Plan (the Confirmation Order). (Dkt. #11-4.) The automatic stay was subsequently lifted and the instant case re-opened. On August 12, 2015, Defendant filed a motion to dismiss the complaint on the ground that Plaintiff failed to file any proof of claim with the Bankruptcy Court.

## *Discussion*

Plaintiff acknowledges that his claim arose in 2010—before Defendant filed for Chapter 11 protection—but argues that he did not meet with an attorney and learn he had a viable legal claim until after the July 16, 2012, Bar Date had passed. Thus, he argues, the Court should apply the doctrine of excusable neglect and allow him to pursue his claim.

The Bankruptcy Code provides, in relevant part, that

> the confirmation of a plan discharges the debtor for any debt that arose before the date of such confirmation . . . whether or not –

2

> (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of [the Bankruptcy Code];
>
> (ii) such claim is allowed under section 502 of [the Bankruptcy Code]; or
>
> (iii) the holder of such claim has accepted the plan . . .

11 U.S.C. § 1141(d)(1)(A). A "debt" is further defined as a "liability on a claim." 11 U.S.C. § 101(12). A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment . . . disputed, undisputed, legal, [or] equitable." 11 U.S.C. § 101(5)(A). "Consequently, the definition of a claim in the Bankruptcy Code is broad enough to include an obligation from a civil action." *Cross v. K.B. Toys*, No. 05 C 6137, 2006 WL 2437831, at *2 (N.D. Ill. Aug. 22, 2006).

It is undisputed that Plaintiff was served with the Bar Date Notice but failed to file any proof of claim. Plaintiff argues that the Court should allow his claim to proceed nonetheless by applying the doctrine of excusable neglect. Although Plaintiff argues that he did not realize he had a viable legal claim until he consulted an attorney, he does not even attempt to explain why he waited two years after his termination to contact an attorney. There is nothing in Plaintiff's brief suggesting that he could not have discovered his claim by exercising reasonable diligence, or that his claim was "unknowable." *See In re Lehman Bros. Hldgs., Inc.*, 433 B.R. 113, 126 (Bankr. S.D.N.Y. 2010). As another court explained:

> Ultimately, creditors must bear the responsibility for investigating and performing reasonable diligence to identify those claims that they have against debtors in bankruptcy. . . . Creditors act at their peril where they fail to adequately investigate and pursue their rights.

*Id.*

In this case, Plaintiff failed to exercise reasonable diligence after receiving the Bar Date Notice, and he is not excused from his failure to file a claim with the Bankruptcy Court. Numerous other courts have dismissed employment discrimination claims under similar circumstances. *See*

*McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739 (8th Cir.1996)) (affirming dismissal of ADA claim filed after confirmation on the basis of discharge under 11 U.S.C. § 1141(d)); *O'Loghlin v. Cnty. of Orange*, 229 F.3d 871 (9th Cir.2000) (concluding that ADA claim arising from pre-discharge conduct of debtor was barred); *Crider v. Pilgrim's Pride Corp.*, No. 5:09CV00058, 2011 WL 6090121, at *5 (W.D. Va. Dec. 6, 2011) (holding that employment discrimination claims were barred because the plaintiff never filed a proof of claim); *Cross*, 2006 WL 2437831 (same). Plaintiff offers no good reason why the result in this case should be any different.

## *Conclusion*

It is undisputed that Plaintiff was served with the Bar Date Notice but failed to file a proof of claim. As a result, pursuant to § 1141(d)(1), plaintiff's employment-related claims did not survive discharge after the Bankruptcy Court's Confirmation Order. Accordingly, the Court will dismiss Plaintiff's complaint.

An order consistent with this Opinion will enter.


Dated: October 15, 2015              /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE